DECISION
This matter is before the court on the plaintiffs claim for compensation resulting from personal injuries and a monetary loss sustained in the course of a robbery which occurred on May 15, 1993. He brings this action pursuant to the Criminal Injuries Compensation Act, R.I.G.L. § 12-25-1 et seq., hereinafter referred to as the Act.
The facts that give rise to this claim are not in dispute. On May 15, 1993 while on his way home, plaintiff was attacked by two men, beaten and robbed of money and jewelry. He was treated at Landmark Medical Center complaining of rib pain. X-rays showed no fracture. No further treatment was received until October of 1993 when the plaintiff presented at Landmark Medical Center for pain related to sickle cell anemia. He claims the sickle cell anemia flare up was caused by the assault, and, accordingly, seeks compensation from the Violent Crimes Indemnity Fund for the costs of hospital and medical treatment of the sickle cell anemia. Plaintiff also seeks reimbursement for the funds and jewelry stolen.
Plaintiffs claim for reimbursement of the funds stolen has already been addressed by this court by way of a reimbursement order entered on February 15, 1995. Furthermore, reimbursement of property loss is specifically excluded under R.I.G.L. § 12-25-2(C).
As to reimbursement for medical expenses incurred for treatment of his sickle cell anemia, this Court is not satisfied that the plaintiff has met his burden of showing that the criminal act resulted in the flare up of his preexisting condition.
The plaintiff, who appeared pro se, introduced medical reports of Peter Rintels, M.D. which indicated that the plaintiff "is hospitalized three to four times per year for sickle cell crisis." At best, he relates the assault as being the cause of the sickle cell crisis as "plausible," or one that "could have precipitated sickle cell crisis" while stating there are "other stressors that are known to precipitate sickle cell crisis."
The plaintiff submitted three medical reports of Dr. Rintels, none of which stated to a "reasonable degree of medical certainty" that the sickle cell crisis was caused by the assault.
Our Courts have long held that expert testimony speak in terms of strong probability, not mere possibility. State vs. Adams, 481 A.2d 718. The expert must testify to the effect that he reached his conclusion with reasonable medical certainty. State vs. Lima, 546 A.2d 770. Clearly the opinion of Dr. Rintels falls far short of this standard, and, accordingly, plaintiffs claim for reimbursement of medical expenses incurred on October 30, 1993, and subsequent thereto, are denied.
Plaintiff is awarded $64.00 which shall be paid to Medical Imaging Associates, Inc. for treatment rendered on May 15, 1993. Plaintiff submitted no other medical bills for treatment at Landmark Medical Center on said date, nor did he submit any evidence of lost wages.
Since no period of disability was proven, he is awarded a minimal sum of $250.00 for pain and suffering.
On Order conforming herewith shall be entered with the court within 20 days.